1 | Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
2 | bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
3 | jared@sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
4 | Vista, California 92081
Telephone: (951) 293-4187
5 | Fax: (888) 819-8230

6 | Attorneys for Plaintiff,
ZOHREH MOKHTARI

7

**U.S. DISTRICT COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  ZOHREH MOKHTARI, an individual | Case No.: |
| 10              Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| 11       v. | |
| 12  ORACLE FINANCIAL GROUP, LLC; UNITED PORTFOLIO SERVICING LLC, and DOES 1-10; | 1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**
2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |
| 14              Defendant. | |

17    Plaintiff, ZOHREH MOKHTARI, an Individual, by and through her attorneys of

18 record, hereby complains and alleges as follows:

19                              **INTRODUCTION**

20    1.    Plaintiff, by and through her attorneys of record, brings this action to

21 secure redress from unlawful debt collection practices engaged in by Defendants

1
**COMPLAINT FOR DAMAGES**

1  ORACLE FINANCIAL GROUP, LLC (hereinafter "ORACLE") and UNITED
2  PORTFOLIO SERVICING LLC (hereinafter "UNITED") in violation of the Federal
3  Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA") and
4  the State of California Rosenthal Act, California Civil Code § 1788-1788.32
5  (hereinafter "Rosenthal" or "Rosenthal Act").

6  2.  Plaintiff makes the allegations below on information and belief, with the
7  exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's
8  counsel, which Plaintiff alleges on personal knowledge.

9  3.  While many violations are described below with specificity, this
10 Complaint alleges violations of the statutes cited in their entirety.

11 4.  In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following
12 findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character,

they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## **JURISDICTION AND VENUE**

4. This action arises out of Defendants' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p. The U.S. District Court has supplemental jurisdiction over all state law causes of action pursuant to 28 U.S.C. § 1367(a).

5. Because Defendants ORACLE and UNITED regularly conduct business

1  within the State of California by purposefully contacting California residents for
2  purposes of debt collection, personal jurisdiction is established.

3      6.    Venue in this District is proper pursuant for the following reasons: (i)
4  Plaintiff resides in the County of Los Angeles, State of California, which is within this
5  judicial district; (ii) the conduct complained of herein occurred within this judicial
6  district; and, (iii) Defendant has conducted business within this judicial district at all
7  times relevant.

## PARTIES & DEFINITIONS

9      7.    Plaintiff is a natural person whose permanent residences is in the County
10 of Los Angeles, State of California, and is therefore a "person" as that term is defined
11 by California Civil Code § 1788.2(g) of the Rosenthal Act.

12     8.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to
13 Defendants, alleged to have been due and owing, is therefore both a "consumer" as that
14 term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is
15 defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

16     9.    As a partnership, corporation, limited liability company, or other similar
17 entity, Defendants therefore are "persons" within the meaning of California Civil Code
18 § 1788.2(g) of the Rosenthal Act.

19     10.    Defendants alleged that they were collecting upon an allegedly defaulted
20 credit card bill that Plaintiff's son initially owed to Chase Credit Card Services, which
21 Plaintiff's son incurred by utilizing the line of credit issued to him by Chase for

everyday purchases in his daily personal life.  Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

11. Therefore, the money that Defendants were attempting to collect was a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

12. Because Plaintiff, a natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

13. Plaintiff is informed and believes that Defendants utilize the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts; regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

///

## FACTUAL ALLEGATIONS

14. Sometime in February of 2009, Plaintiff's son went into default upon a Chase credit card that her son had used in his every personal life for personal expenses.

15. Any legal ability of the creditor or any successor or assign of the original creditor to file suit against Plaintiff to obtain a judgment on said debt is now barred by the applicable statute of limitations.

16. Plaintiff herself was never legally obligated to owe any funds for this card, as she never contracted with Chase to be financially responsible.

17. At all times relevant herein, the actions of every collection agent of Defendants was taken on behalf of, at the direction of, and in association with the named Defendants, and their actions were undertaken within the scope and duties of their position as debt collection agents.

18. By voicemail dated August 19, 2015, Defendants' collection agent Joanne Smith left a voicemail on Plaintiff's cell phone claiming to be calling in reference to a "case being filed against Hossein Mokhtari in Los Angeles County courts; allegations of fraud attached to your social security number and this case also has listed individuals by the name of Zohreh Mokhtari as a person or party of interest".  Defendant's agent then referenced a specific "case number".

19. A call placed to the phone numbers left on the above-described voicemails as the number for Plaintiff to call back goes to a voicemail for "Joanne Smith" of "Oracle Group".

20. Plaintiff has never been legally obligated to burden any financial responsibility upon the credit card that was the subject of Defendants' collection efforts.

21. By claiming that the purported lawsuit against Plaintiff's son also lists Plaintiff as a person or party of interest, Defendants implied that Plaintiff was to be named in a debt collection lawsuit whereby she would bear legal responsibility.

22. Because Plaintiff immigrated to this country, she is not familiar with our legal process and was subjected to increased concern and worry over Defendants' threats.

23. Plaintiff suffered significant emotional and mental anguish by way of loss of sleep, nervousness, anxiety, and fear over the thought that she might possibly subjected to legal action for fraud as threatened by Defendants' agents.

24. Defendants' agents who left the voicemails described above were at all times acting on behalf of, at the direction of, and in association with the named Defendants, and acting in their capacity as employees of Defendants, all legal violations committed by said agents flow through as *respondeat superior* to Defendants.

25. Upon information and belief, Defendants' agents are trained to utilize a script during their debt collection calls that requires the collection agents to utter false threats of criminal prosecution in order to scare consumers into making payments.

26. Upon information and belief, Defendant ORACLE is formerly known as Defendant UNITED, and still does business as Defendant UNITED in order to confuse and mislead the victims of their unlawful collection attempts.

7
**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### 15 U.S.C. §§ 1692-1692p

27. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

28. By threatening to sue Plaintiff on a debt that is barred by statute of limitations, and Defendants' agents did so without actually having the intention of pursuing such legal action, Defendants committed the following violations of the Federal FDCPA:

   a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

   b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

   c. Falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

   d. Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e. Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f. Uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

29. By threatening to Plaintiff that she was the subject of criminal allegations for fraud and theft of services, which are false allegations, and Defendants' agents did so with the intention of scaring Plaintiff into paying the debt, Defendants committed the following violations of the Federal FDCPA:

a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c. Falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

d. Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person

unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e. Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f. Uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g. Uttered the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7), and

h. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**CAL. CIV. CODE §§ 1788-1788.32**

30. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

31. By violating the FDCPA, as identified the First Cause of Action above, Defendants have also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages as follows:

1. - An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages of $125,000.00 for emotional distress and mental anguish, or as the jury may award, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An award of actual damages of $125,000.00 for emotional distress and mental anguish, or as the jury may award, pursuant to California Civil Code § 1788.30(a);
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

///

///

///

11
**COMPLAINT FOR DAMAGES**

```
```

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: January 7, 2016                              Respectfully submitted,

                                                    SEMNAR & HARTMAN, LLP

                                       By:    /s/ Jared M. Hartman
                                              Jared M. Hartman, Esq.
                                              Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**